IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS,        ) | |
| )  | |
|    Plaintiff,            ) | |
| ) | |
|    v.                     ) | CIVIL ACTION NO. |
| ) | 1:07cv028-MHT |
| EUGENE PRESTON and         ) | (WO) |
| PAULINE PRESTON,           ) | |
| ) | |
|    Defendants             ) | |

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama. So far this year, in what is developing into a clear abuse of the legal process, she has brought 22 lawsuits in forma pauperis, of which 16 have already been summarily dismissed.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915. "First, the district court

should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1] Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, this

---

1. Section 1915(a)(1) provides:

> "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  The motion filed by Nails satisfies the economic eligibility criteria of § 1915(a)(1).  Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction.  Therefore, to invoke the jurisdiction of such courts a complaint must

affirmatively and distinctly allege the statutory basis for the jurisdiction.  2 J. Moore et al., Moore's Federal Practice § 8.03[1] (3d. ed. 2006); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d. § 1206 (2005 & Supp. 2006); see also, e.g., McNutt v. General Motors Acceptance Corporation of Indiana 298 U.S. 178, 189 (1936); Kirkland Masonry v. Commissioner of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1989) (per curiam). A plaintiff can, for example, assert either diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, or federal-question jurisdiction, 28 U.S.C. § 1331, if the evidence she has supports such jurisdiction.  Nails's complaint fails to do either, and it is evident from her complaint that jurisdiction cannot be established.  She asserts, essentially, a claim among three Alabama citizens in which she claims the defendants negligently hit her with a car, a claim which belongs in state court to the extent it belongs anywhere.

Nails's complaint therefore should be dismissed before service on the defendant pursuant to § 1915(e)(2)(B)(i)-(iii).  See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 10th day of January, 2007.

                         /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**